## UNITED STATES FASTENER CO. v. CÆSAR et al.

(Circuit Court, S. D. New York. July 23, 1907.)

PATENTS—INFRINGEMENT—SEPARABLE BUTTONS.

The Pringle patent, No. 720,616, for a stud member of a separable button or fastener, *held* valid and infringed.

In Equity. Suit for alleged infringement of United States letters patent No. 720,616, dated February 17, 1903, on application filed March 20, 1888.

Donald Campbell (John P. Bartlett and Thomas W. Bakewell, of counsel), for complainant.

Stephen J. Cox (William Raimond Baird, of counsel), for defendants.

RAY, District Judge. Complainant alleges infringement of claims 1 and 3 of the patent to Eugene Pringle, issued February 17, 1903, for a stud. The patent in suit declares as follows:

"My invention relates to studs for separable buttons or fasteners, such, for instance, as are employed on gloves and other articles of apparel; and it consists of structural improvements in the stud member of such fasteners. The object of my invention is to provide means whereby a stud member of a stud-and-socket fastener adapted to engagement with a complemental socket may be secured in place upon the fabric, leather, or what not by means of an eyelet, of which the barrel passes through the fabric, enters the stud, and is upset or clenched within the stud itself to form a fastening-flange on the barrel by means of a turning-piece or deflector contained within the body of the stud, which deflector by contact with the eyelet-barrel determines the direction and degrees of its deflection as the eyelet and stud on opposite sides of the fabric are forced together by means of a suitable tool or press. These objects are attained by means of the devices shown in the accompanying drawings, which serve to illustrate the invention."

Claims 1 and 3 read:

"1. In a member of a stud-and-socket fastener, a stud, comprising a head, an engaging groove below the head, and a flange below the groove, an eyelet-turning piece within the stud, and an eyelet to attach the stud to material, having its tubular portion passed through the material and upset against the eyelet-turning piece."

"3. In a member of a stud-and-socket fastener, the combination of a hollow stud, having a head, a base, a groove between the head and base, the stud and base slitted radially, an eyelet-turning piece within the stud, a binding-piece confining the slitted base, and an eyelet, inserted in the stud from below, and upset against the eyelet-turning piece."

It will be observed that the language of these claims is broad, and that the combination of claim 1, in a member of a stud-and-socket fastener, is of the following elements: (1) A stud comprising a head; (2) an engaging groove below the head; (3) a flange below the groove; (4) an eyelet-turning piece within the stud (element 1 comprising the head); and (5) an eyelet to attach the stud to material, and which eyelet has its tubular portion passed through the material and upset against the eyelet turning piece.

The combination of claim 3, in such a stud-and-socket fastener, is; (1) a hollow stud having a head, a base, a groove between the head and base, the stud and base slitted radially; (2) an eyelet-turning piece within the stud; (3) a binding piece confining the slitted base; and (4) an eyelet inserted in the stud from below and upset against the eyelet-turning piece.

The Circuit Court of Appeals in this circuit has declared this art an important and useful one, as indeed it is. I think the patent valid, and have reached this conclusion after a careful examination of the record and prior art so far as presented therein and disclosed by prior cases. It was in the Patent Office a long time and was considered carefully and thoroughly. It is good for what it covers and, of course, must be construed in view of the prior art and of its history in the Patent

Office. It was never abandoned and was pressed to a final determination.

On the question of infringement, I think the complainant's case is made out. In view, however, of all the facts, the issuing of the injunction may be suspended until January 1, 1908, which will give defendants time to appeal and secure a decision of the Circuit Court of Appeals. Such stay is on condition an appeal is taken within 30 days after entry of the decree herein.

Decree accordingly.